IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CR-432-WKW |
| | ) | [WO] |
| SANQUEZ DEONTRA QUEZ | ) | |
| BIVENS | ) | |

## **ORDER**

Before the court is Defendant Sanquez Deontra Quez Bivens's *pro se* motion for reconsideration of the judgment revoking his term of supervised release and imposing a 60-month sentence. (Doc. # 924.) Mr. Bivens challenges the revocation judgment, entered in May 2024 (Doc. # 878), stating that in September 2025 the State of Alabama dismissed the first-degree assault charge, which was the basis for the violation petition in this federal case. Mr. Bivens also highlights his good behavior while in prison and seeks mercy due to his inability to attend his grandmother's funeral in October 2025. (Doc. # 924 at 2.) The Government filed a response in opposition. (Doc. # 927.)

Mr. Bivens was alleged to have violated the mandatory condition of his supervised release that he "not commit another Federal, State, or local crime." 18 U.S.C. § 3583(d); (Doc. # 843.) After pleading not guilty, he was found guilty of the violation. (Doc. # 878.) Mr. Bivens appealed the revocation judgment, and that judgment was affirmed in March 2025. (Doc. # 911.) The subsequent dismissal of

the underlying state charge does not affect the validity of the revocation judgment. To the extent Mr. Bivens argues that his federal supervised release may not be revoked based on conduct that does not result in a state conviction, binding law is to the contrary. *See United States v. Clanton*, 419 F.2d 1304, 1305 (5th Cir. 1969) (per curiam)[1] ("It is immaterial that the charge upon which [the defendant's] revocation was based was dismissed."). A federal district court can revoke a defendant's term of supervised release for actions that do not result in a conviction for a separate criminal offense in any court. The advisory United States Sentencing Guidelines confirm the well-established rule that a violation of the mandatory condition prohibiting a defendant from committing another federal, state, or local crime "may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct." U.S.S.G. § 7B1.1, cmt. n.1. Additionally, the grade of the violation is determined by "the defendant's actual conduct," *id.*, and not by the charges, or lack thereof, in the separate criminal proceeding.

In any event, Mr. Bivens fails to provide statutory authority allowing the court to reconsider the revocation judgment after its affirmance by filing a motion in his criminal case. Instead, his motion appears to be an improper collateral attack on his

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

sentence.  *Cf. United States v. Peters*, 856 F. App'x 230, 237 (11th Cir. 2021) (per curiam) (noting in the context of a revocation proceeding, that "a defendant may collaterally attack the validity of his sentence only in separate proceedings under 28 U.S.C. § 2255 and that a sentence is presumed valid until vacated under § 2255." (cleaned up)).

Accordingly, it is ORDERED Defendant Sanquez Deontra Quez Bivens's *pro se* motion for reconsideration of the revocation judgment (Doc. # 924) is DENIED.

DONE this 28th day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE